# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2026-CA-0015

# ANTHONY GRIFFIN

# VERSUS

# LOUISIANA SHERIFF'S PENSION AND RELIEF FUND

Judgment Rendered: **JUL 15 2026**

\*\*\*\*\*\*\*\*

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C688400
Honorable Beau Higginbotham, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Robert E. Tarcza | *Counsel for Defendant/Appellant* |
| James E. Thompson | Louisiana Sheriffs' Pension and New |
| Orleans, Louisiana | Relief Fund |
| | |
| Shannon S. Dartez | *Counsel for Plaintiff/Appellee* |
| Lafayette, Louisiana | Anthony Griffin |

\*\*\*\*\*\*\*\*

## BEFORE: LANIER, WOLFE, AND HESTER, JJ.

**LANIER, J.**

In this suit by the plaintiff/appellee, Anthony Griffin, against the defendant/appellant, the Louisiana Sheriff's Pension and Relief Fund ("LSPRF"), the Nineteenth Judicial District Court adjudicated Mr. Griffin disabled by service, thereby being entitled to disability benefits from the LSPRF beginning at the date of application. The LSPRF has appealed this judgment, and Mr. Griffin has filed an answer to the appeal, requesting costs, attorney fees, and other damages. For the following reasons, we affirm the judgment and deny the answer to the appeal.

## FACTS AND PROCEDURAL HISTORY

On September 24, 2019, Mr. Griffin filed a petition for damages against the LSPRF. Therein, he alleged that he was employed by the Lafayette Parish Sheriff's Office from 2013 to 2017, when he was taken off duty due to his doctor's advice. Mr. Griffin claimed that his disability stemmed from his employment. He applied to the LSPRF for disability benefits, but his claim was denied on September 16, 2019, on the grounds that he had a pre-existing disability. In 2005, Mr. Griffin was involved in an automobile accident during the scope of his employment with the St. Landry Parish Sheriff's Office. He claimed that he was paid disability benefits as a result of the accident, and that he was subsequently released by his physician to return to work.

Mr. Griffin further alleged that the injury he received in 2017 was a new injury. He claimed that the LSPRF's denial for benefits concerning the 2017 injury was improper, and that he is entitled to disability benefits related to that injury based on his employment, along with legal interest, attorney fees, and court costs.

A bench trial was held on April 6, 2023. At its conclusion, the district court ordered the LSPRF to schedule a medical examination of Mr. Griffin. Brian Gremillion, MD performed the examination on October 28, 2023. In his report,

2

Dr. Gremillion stated that Mr. Griffin complained of low back pain that radiated to his legs. Mr. Griffin stated the pain began in 2017 and is continuous each day. Dr. Gremillion noted the current medical records revealed that Mr. Griffin suffered a herniated disc, for which he underwent physical therapy in 2017. Dr. Gremillion concluded that Mr. Griffin was totally disabled from a pre-existing condition that originated with the automobile accident twelve years prior while he was employed with the St. Landry Parish Sheriff's Office. Based on his findings, Dr. Gremillion concluded that Mr. Griffin was not eligible for disability benefits.

Despite Dr. Gremillion's opinion, in a judgment signed on May 6, 2025, the district court found that Mr. Griffin was disabled and entitled to disability benefits from the LSPRF. The district court ordered the LSPRF to pay benefits to Mr. Griffin from November 2, 2017, which was the date he applied for disability benefits, with legal interest and continuing in the amount of $1,101.88 per month.[1] The LSPRF filed a suspensive appeal of the May 6, 2025 judgment. In response, Mr. Griffin filed an answer to the appeal on January 20, 2026, in which he requested court costs, attorney fees, and any damages in connection with defending against the LSPRF's appeal.

## DISCUSSION

The LSPRF alleges that the district court erred in finding that Mr. Griffin had multiple periods of service under multiple sheriffs' offices for the purpose of determining entitlement to an on-the-job disability retirement from the LSPRF. At the trial, the parties stipulated to the admission of exhibits attached to a previous motion for summary judgment that was dismissed. Along with those exhibits, Mr.

---

[1] Prior to this final judgment, the LSPRF filed a motion for summary judgment on September 30, 2022, arguing that Mr. Griffin was statutorily ineligible for disability benefits. Numerous exhibits were attached to the memoranda of both parties. On February 14, 2023, the district court signed an order denying the motion for summary judgment. That ruling has not been raised on appeal.

3

Griffin's live testimony and his application for disability benefits were also admitted.

The first and second exhibits from the previous motion for summary judgment were Mr. Griffin's personnel and medical files from the Lafayette Parish Sheriff's Office. The files indicate he was employed as courthouse security from 2013 to 2017. In his application for employment to the Lafayette Parish Sheriff's Office, Mr. Griffin stated he was asked to resign from the St. Landry Parish Sheriff's Office or he would be fired, but was unaware of the reason why he would have been fired. On August 7, 2013, Mr. Griffin enrolled into the LSPRF. The enrollment form advised Mr. Griffin that if he had received a refund for contributions he had previously made, he could repay the contributions if he wished but would have to undergo another physical examination.

Mr. Griffin also signed an enrollment affidavit, in which he acknowledged that he must complete an exclusion of pre-existing conditions for disability retirement form, which stated that under La. R.S. 11:216, he would not be eligible to claim any disability retirement benefits for medical conditions that existed prior to his enrollment with the LSPRF.[2] He further attested that if he were injured in the line of duty and applied for disability benefits, he would have the responsibility of proving the condition was not pre-existing.

On his medical history questionnaire, one question asked, "To determine preexisting conditions, have you ever had a work-related injury?" Mr. Griffin answered "yes," and explained the injury as "2004/Crashed unit." He also indicated that he has had "tingling anywhere," and a low back injury to his tail

---

[2] Louisiana Revised Statutes 11:216 states: "Any disability claimed by a member of a state or statewide retirement system must have been incurred after commencement of service in the system with which the claim is filed. Disability claims shall not be honored in the case of preexisting conditions."

bone. Mr. Griffin further detailed the injury as an on-the-job accident in 2005 where he sustained bruised ribs and a dislocated tail bone that went undetected.

The files also contained a record of a serious health condition described as a bulging disc, commencing approximately in February of 2017, for which Mr. Griffin underwent physical therapy. Mr. Griffin complained of nerve pain in his arms, legs, and back, making it difficult for him to sit or stand for a period of time. The report further stated that Mr. Griffin might need surgery to correct the issue. Mr. Griffin resigned from the Lafayette Parish Sheriff's Office on October 25, 2017. In his resignation letter, Mr. Griffin stated his resignation was due to his medical disability, and he attached a form from George Williams, MD, who diagnosed Mr. Griffin with low back pain due to disc degeneration. Dr. Williams indicated the condition was not work related, and that Mr. Griffin could no longer work due to his condition.

The third exhibit that was part of the motion for summary judgment consisted of records compiled by the LSPRF. Contained in those records is the report by Dr. Williams concerning his examination of Mr. Griffin on September 7, 2017. Mr. Griffin's chief complaint was a "deep and stabbing pain in the lumbar region that occurs constantly." He told Dr. Williams that he previously had that pain from an injury he received in the 2005 automobile accident, but he would relieve the pain with heat and pain medication. Mr. Griffin further stated the pain returned in January of 2017, and that he walks with a limp and cannot walk for more than ten minutes.

An MRI of Mr. Griffin on October 11, 2017, indicated a small amount of fluid within, and likely degenerative changes of, his hip joints. The MRI's finding was that there was a dorsal disc protrusion that deformed the ventral cord. According to a disability report by Mr. Griffin's immediate supervisor, dated October 26, 2017, Mr. Griffin missed work from February 14, 2017, to April 16,

5

2017, and from July 17, 2017, to October 25, 2017. Mr. Griffin told his supervisor that "he was involved in a car accident when he worked for Opelousas P[D]," and that he was "[n]ot cleared by doctor to return to work."[3]

According to the November 15, 2017 letter from the LSPRF to Mr. Griffin denying benefits, Mr. Griffin applied for disability retirement benefits because "the added weight from the belt caused added stress to his lumbar spine." The LSPRF's stated reasons for the denial included the fact that Mr. Griffin was involved in a car accident while employed by the St. Landry Parish Sheriff's Office; he terminated his employment with the St. Landry Parish Sheriff's Office on October 2, 2012; and he received a refund on his employee contributions in December of 2012, cancelling all his rights to the fund under La. R.S. 11:2175(C)(1).[4] Mr. Griffin then gained employment with the Lafayette Parish Sheriff's Office on July 8, 2013, and any injury or medical condition sustained prior to that date is considered a pre-existing condition pursuant to La. R.S. 11:216.

The fourth exhibit that was part of the motion for summary judgment was a group of medical records from Ilyas Munshi, MD. The records show that Mr. Griffin visited Dr. Munshi on October 5, 2017, for an initial consultation. Mr. Griffin complained of lumbar spine problems that began in February of 2017 and gradually worsened. Mr. Griffin stated that the condition started with an automobile accident from 2005, and at the time of the visit the pain made it difficult to stand or sit for any length of time. Mr. Griffin described the pain as a moderate tingling, shock-like burning. He did not report any other history of conditions with his spine. Dr. Munshi recommended continued physical therapy and return visits.

---

[3] Mr. Griffin clarified at trial that he never worked for the Opelousas Police Department, and that he had the automobile accident when he worked for the St. Landry Parish Sheriff's Office.

[4] La. R.S. 11:2175(C)(1) states, in pertinent part: "A refund automatically cancels all rights in the fund and the member forfeits all prior service ... as well as membership credit for the period refunded."

The fifth exhibit that was part of the motion for summary judgment was the deposition of Dr. Williams, who is a specialist in orthopedic medicine and surgery. He stated that Mr. Griffin presented to him with a complaint of an injury he sustained in 2017, but also stated he was injured in an automobile accident from 2005. Mr. Griffin provided Dr. Williams the MRI results from August 2, 2017, which indicated disc degeneration. Dr. Williams stated that he put Mr. Griffin on no-work status. Mr. Griffin's last visit with Dr. Williams was on October 24, 2017, and he complained that the pain had spread from his back and leg to his hands and feet, and Dr. Williams maintained the no-work status.

Dr. Williams recommended ongoing physical therapy and surgery, although Mr. Griffin never underwent any surgery. Dr. Williams also stated that the work belt Mr. Griffin had to wear for his job could have aggravated a pre-existing degenerative disc condition to the point that he could no longer do his job, but he could not say definitively that it was an aggravated pre-existing condition. Dr. Williams confirmed he ordered another MRI in October 2017 that indicated a herniated disc.

In Mr. Griffin's trial testimony, he stated that while employed by the St. Landry Parish Sheriff's Office, he was involved in an automobile accident in either 2004 or 2005, where he sustained bruised ribs. He stated that he was in a second automobile accident in either 2007 or 2008, but sustained no injuries from it. Upon leaving the St. Landry Parish Sheriff's Office in 2012, he withdrew all his contributions from the LSPRF.

In July of 2013, Mr. Griffin became employed by the Lafayette Parish Sheriff's Office. After taking a physical examination, he was cleared to work without any restrictions. Mr. Griffin claimed he had no health issues prior to 2017 that impeded his ability to do his job. In July of 2017, while working as courthouse security, he had to leave the courthouse because he had difficulty

walking. He went to the emergency room due to pain in his back. Mr. Griffin learned at that time that he had a herniated disc. He was later examined by Dr. Williams, who confirmed he had a herniated disc and sent him to physical rehabilitation. Mr. Griffin got very little relief from the rehabilitation, so Dr. Williams ordered an MRI, in which it was discovered he had another herniated disc at the top of his spine.

Mr. Griffin advised the Lafayette Parish Sheriff's Office of his health condition and applied for disability benefits. His application was declined, with pre-existing condition as the reason for the denial. Mr. Griffin disputed the reason because no pre-existing conditions were found when he had his physical examination upon starting work with the Lafayette Parish Sheriff's Office. Mr. Griffin noted that after his two automobile accidents, he was able to return to work with the St. Landry Parish Sheriff's Office without any restrictions.

On cross-examination, Mr. Griffin acknowledged that he signed a request for his contributions to the LSPRF to be refunded to him, on which it was written that he understood that the refund would automatically cancel his rights in the fund and that he would forfeit all prior service. Mr. Griffin also acknowledged his 2013 medical questionnaire indicated that along with bruised ribs, he also sustained an injury to his tailbone during the 2005 automobile accident. Mr. Griffin further admitted that he told Dr. Williams he had prior lumbar pain and injury from the 2005 automobile accident.

While working for the Lafayette Parish Sheriff's Office, Mr. Griffin advised his supervisor that he was in an automobile accident while employed by the St. Landry Parish Sheriff's Office. Mr. Griffin also acknowledged that he told Dr. Munshi on his October 5, 2017 office visit that his back pain was a result of the 2005 accident, and the pain had gotten progressively worse.

Upon our review of the entire record, including the court-ordered examination by Dr. Gremillion, we cannot say that the district court was manifestly erroneous in finding that Mr. Griffin was disabled by service and is entitled to disability benefits from the LSPRF. Although there is competing evidence and testimony over whether Mr. Griffin had a pre-existing condition from his 2005 automobile accident or whether he sustained a new injury in 2017, we cannot set aside the district court's ruling so long as there is a reasonable factual basis to support it. *See Stobart v. State through Dept. of Transp. And Development*, 617 So.2d 880, 882 (La. 1993).

However, we wish to be clear as to the amount of benefits Mr. Griffin is entitled. In 2012, he withdrew all his contributions to the LSPRF. According to La. R.S. 11:2175(C)(1), a refund of contributions from the LSPRF automatically cancels all rights in the fund, and the member forfeits all prior service. It is clear from the record that Mr. Griffin would not be eligible for retirement benefits relating to his employment with the St. Landry Parish Sheriff's Office, because he forfeited all credit for that service when he withdrew the contributions. Mr. Griffin re-enrolled into the LSPRF in 2013 when he became employed by the Lafayette Parish Sheriff's Office, and there is no evidence that he ever withdrew his contributions since then.

In its oral reasons, the district court stated that Mr. Griffin was disabled "by his service with the multiple sheriff's [offices]" he worked for. Out of an abundance of caution, we would clarify that Mr. Griffin is not eligible for benefits due to his time with the St. Landry Parish Sheriff's Office, but the judgment is otherwise correct in that Mr. Griffin is entitled to benefits "back to the application for disability benefits dated November 2, 2017."

## ANSWER TO THE APPEAL

Mr. Griffin filed an answer to the instant appeal, arguing that he is entitled to court costs, attorney fees, and any damages in connection with defending against the LSPRF's appeal.[5] We disagree. Under Louisiana law, attorney fees are not allowed except where authorized by statute or contract. *Ballex v. Municipal Employees' Retirement System*, 2016-0905 (La. App. 1 Cir. 4/18/17), 218 So.3d 1076, 1087, *writ denied*, 2017-00822 (La. 9/22/17), 228 So.3d 743. Mr. Griffin has cited no statute or contractual language that would entitle him to attorney fees, nor has he argued the instant appeal is frivolous.

Pursuant to La. C.C.P. art. 1920, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. This court routinely assesses court costs against the party who does not prevail on appeal, and we do so with the instant appeal. It is therefore unnecessary to award any costs to Mr. Griffin, since he has prevailed on appeal. For the foregoing reasons, Mr. Griffin's answer to the appeal is denied.

## DECREE

The judgment of the Nineteenth Judicial District Court, adjudicating the plaintiff/appellee, Anthony Griffin, to be disabled by service and thereby awarding him disability benefits back to the date of his application, is affirmed. Mr. Griffin's answer to the appeal is denied. All costs of this appeal are assessed to the defendant/appellant, the Louisiana Sheriff's Pension and Relief Fund.

**AFFIRMED. ANSWER TO APPEAL DENIED.**

---

[5] Mr. Griffin also submitted an assignment of error in his brief that the district court erred in not awarding costs to him after his successful lawsuit. Notwithstanding the propriety of including assignments of error in an appellee brief, we will address the issue of whether Mr. Griffin is entitled to court costs in his answer to the appeal. We note, however, that the district court may award court costs in whatever way it considers to be equitable. *See* La. C.C.P. art. 1920.